NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTONY HARAHAP and CHANDRA
SARAGIH,

Petitioners,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    14-70294

Agency Nos.    A096-356-388
                        A096-364-570

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2018**
Pasadena, California

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Petitioners Christony Harahap and Chandra Saragih ("Petitioners"), natives

and citizens of Indonesia, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen their removal proceedings.  As the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We grant the petition for review and remand to the BIA for reconsideration of Petitioners' motion to reopen in light of our intervening opinion in *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016).

In April 2008, an immigration judge denied Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioners, whose cases had been consolidated following their marriage, claimed that they feared persecution because of their Christian religion and Batak ethnicity if returned to Indonesia. The BIA dismissed Petitioners' appeal, and we denied Petitioners' petition for review. *See Harahap v. Holder*, 522 F. App'x 392, 393 (9th Cir. 2013).

In September 2013, Petitioners moved the BIA to reopen the proceedings, asserting changed country conditions for Christians in Indonesia. The BIA denied the motion to reopen as untimely. The BIA determined that Petitioners failed to show materially changed country conditions for Christians in Indonesia or a prima facie individualized risk of persecution.

However, after the BIA's decision, we issued our decision in *Salim*. *Salim* also concerned a Christian Indonesian, and it held that the BIA abused its discretion when it denied the petitioner's motion to reopen as untimely. 831 F.3d at 1136, 1138-39. We concluded that, based on evidence similar to here, there was

substantial evidence of materially changed country conditions for Christians in Indonesia between 2006 and 2013. *Id*. We also concluded that, based on similar evidence as in the instant case, including a letter from Salim's sister, and considering that Christians in Indonesia are a "disfavored group," the petitioner had sufficiently demonstrated an individualized risk of persecution. *Id*. at 1140-41.

Because the BIA did not have the benefit of *Salim* when rendering its decision in this case, we remand to allow the BIA to address the application of *Salim* to Petitioners' motion to reopen in the first instance.

**PETITION FOR REVIEW GRANTED AND REMANDED**.